**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0782-17T1

ROBERT SMALL,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 29, 2019 – Decided November 7, 2019

Before Judges Fisher and Rose.

On appeal from the New Jersey Department of Corrections.

Robert Small, appellant, pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Kevin John Dronson, Deputy Attorney General, on the brief).

PER CURIAM

Robert Small, an inmate at South Woods State Prison, appeals from a final agency decision of the New Jersey Department of Corrections (DOC), refusing to reimburse him $5 for medical co-payments.

On appeal, Small raises the following points for our consideration:

POINT I

The [DOC] Health Services Request Form (MR-007), only states that a prisoner may be assessed $5.00 for medical care service received. It does not emphatically state that an inmate will be charged $5.00.

POINT II

Mr. Small was never seen, examined, or evaluated by a physician. Therefore, Mr. Small can[]not be charged $5.00 for medical co-payment fee.
(Not raised below)

POINT III

Mr. Small can[]not repeatedly be charged for sick call slips that are essentially identical in nature, that were never addressed. To do so would be double jeopardy.

POINT IV

Inmates should be monitored and/or afforded the opportunity to request a follow[-]up visit, especially after being placed on a psychotropic medication.
(Not raised below)

In his reply brief, Small contends:

A-0782-17T1

POINT I

All five (5) Inquiry Form[s]/Grievances are a continuous complaint.

POINT II

Mr. Small was never seen by a qualified physician, and that is evident because he continued to submit sick call slips.

POINT III

Mr. Small continued to submit sick call slips because he was not being seen. There is no other way for Mr. Small to consult with the treating physician.

POINT IV

Mr. Small is paralyzed, and nowhere in . . . [N.J.A.C.] 10A:[16-1.5, regulating] [m]edical [c]o-payment[s] does it state or imply that an inmate will be charged for services that he [has]n't received.

We have thoroughly reviewed the record in light of these contentions, and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities."

A-0782-17T1

Lavezzi v. State, 219 N.J. 163, 171 (2014).  "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record."  Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).  "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

"A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'"  Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)).  "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'"  Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)).  But, an agency's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

N.J.A.C. 10A:16-1.5(a) provides in pertinent part:

> Pursuant to N.J.S.A. 30:7E-1 [to -7], inmates shall be liable for the cost of, and charged a nominal co-payment as determined by the State Treasurer for health care to include surgery, dental care,

4

hospitalization or treatment; and medication to include prescription or nonprescription drugs, medicine or dietary supplements.  The medical co-payment shall be $5.00 and the medication co-payment shall be $1.00.

Small, a paraplegic, initiated five medical calls and was assessed a $1.00 co-payment per call, totaling $5.00.  In its final agency decision,[1] the DOC explained:

> Each individual sick call slip is subject to co-pay[ment] regardless of the type of problem or if you've been seen for that issue in the past.  As your handbook states, only "follow[-]up" appointments SCHEDULED BY THE MEDICAL DEPARTMENT/PROVIDER are free of charge.
>
> . . . .
>
> Basically, the [S]tate pays for everything other than your sick call slips.  The medications are essentially paid for as well, after your nominal $1 co-pay[ment] assessment for what can be up to a year[']s worth of pills.
>
> With regard to chronic care status, the only financial benefit of being on medical's [sic] chronic care list, is that you get a free visit every 90 days with your provider.

The Department's final agency decision is not arbitrary, and is supported by credible evidence in the record.

---

[1]  On May 26, 2017, the DOC issued its final decision to Small via the DOC's JPay computer-based grievance system.

A-0782-17T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0782-17T1